UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

04 10201 PBS

MAGISTRATE JUDGE Dein

STEPHANIE TATE,
Plaintiff

v.

WILLIAM HEALEY, PETER LIACOS,

and

VERIZON COMMUNICATIONS, INC.
Defendants

RECEIPT # 53430
AMOUNT $ 150
SUMMONS ISSUED yes
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK.
DATE 1-28-04

**COMPLAINT AND JURY DEMAND**

**PARTIES**

1. The Plaintiff, Stephanie Tate (the "Plaintiff"), is a resident of North Dighton.

2. The Defendant, William Healey ("the Defendant Healey"), is a resident of Marshfield, Plymouth County, Commonwealth of Massachusetts.

3. The Defendant, Peter Liacos ("the Defendant Liacos"), is a resident of Gloucester, Essex County, Commonwealth of Massachusetts.

4. The Defendant, Verizon Communications, Inc., is a corporation organized under the laws of the State of Delaware, having its principal place of business in Minneapolis, Minnesota.

## FACTUAL ALLEGATIONS

5. The Plaintiff is employed as a Central Office Technician by the Defendant Verizon, at its facility located in Taunton, Massachusetts.

6. The Plaintiff's gender is female.

7. At times relevant to this Complaint, the Defendant Healey has had supervisory control over the Plaintiff, and the Defendant Liacos has exercised managerial authority over her employment.

8. On an ongoing and continuous basis, the Defendant Healey created or has created a sexually hostile work environment, which unreasonably interfered with the Plaintiff's employment, by *inter alia*, subjecting the Plaintiff and similarly situated employees to derogatory and hostile comments about women, and by placing or condoning the placement of sexually offensive materials in the workplace, which created an intimidating and offensive work environment and substantially interfered with the Plaintiff's employment.

9. The Defendant Liacos and other agents of the Defendant Verizon have been or were aware that the Defendant Healey created a sexually hostile work environment, but have condoned it or failed to adequately address it.

## JURISDICTION

10. Plaintiff claims jurisdiction in this Court based upon 28 U.S.C. § 1331, federal question, and 42 U.S.C. § 2000e.

11. The Plaintiff has satisfied all prerequisites to sue under G.L. c. 151B and Title VII, 42 U.S.C. § 2000e.

12. The Plaintiff's charge that she was subjected to a sexually hostile workplace was duly investigated by the Equal Employment Opportunity Commission.

13. Regarding this charge, by notice dated September 15, 2003, the EEOC determined "the evidence obtained during the Commission's investigation supports the Charging Party's allegations that she was discriminated against because of her gender, in that she was subjected to derogatory and hostile comments about women, by management, which created an intimidating and offensive work environment. The evidence also shows that the Respondent discriminated against other similarly situated female employees in the workplace, with respect to making offensive gender related comments."

**COUNT I**
**HOSTILE WORK ENVIRONMENT - G.L. C. 151B – GENDER**
**PLAINTIFF V. ALL DEFENDANTS**

As to all Defendants, the Plaintiff complains as follows:

14. The Plaintiff repeats and realleges all previous paragraphs as though fully set forth herein.

15. The Defendants have violated G.L. c. 151B by subjecting the Plaintiff on an ongoing and continuous basis to a sexually hostile work environment.

16. The sexually hostile work environment was created by the acts described above, including the acts of the Defendant Healey in pervasively making unwelcome sexually offensive remarks; by Healey's placement of or his condonation of the placement of sexually offensive materials in the workplace; by the fact that the Defendant Liacos was aware of Healey's conduct but allowed, condoned, and encouraged it; the refusal of Defendant Liacos and other agents of the Defendant Verizon to address

Plaintiff's complaints about Healey's sexually discriminatory conduct; by the Defendant Healey's hostile reaction to the Plaintiff's complaints to his sexually discriminatory conduct; by the Defendant Healey's and Defendant Liacos' hostile and retaliatory treatment of the Plaintiff following her complaints of gender discrimination; and by the Defendants' condonation of sexually hostile treatment and stereotypical attitudes by the male employees toward female employees in general.

17. By the foregoing acts, the Defendants created a hostile, humiliating, and offensive work environment, which unreasonably interfered with Plaintiff's ability to perform her job.

18. As a direct and foreseeable consequence of the Defendants' acts, the Plaintiff has suffered harm and damages, including but not limited to loss of income and employment benefits, loss of business and personal reputation, medical expenses, other financial losses, and emotional distress.

**COUNT II**
**SEXUALLY HOSTILE WORK ENVIRONMENT**
**TITLE VII, 42 U.S.C § 2000e**
**PLAINTIFF V. VERIZON**

As to the Defendant Verizon, the Plaintiff complains as follows:

19. The Plaintiff repeats and realleges all previous paragraphs as though fully set forth herein.

20. The Defendant has violated Title VII, 42 U.S.C. § 2000e by subjecting the Plaintiff on an ongoing and continuous basis to a sexually hostile work environment, in the manner described in the preceding paragraphs.

21. As a direct and foreseeable consequence of the Defendant's acts, the Plaintiff has suffered harm and damages, including but not limited to loss of income and

employment benefits, loss of business and personal reputation, medical expenses, other financial losses, and emotional distress.

**COUNT III**
**DISCRIMINATORY BYPASS ON THE BASIS OF GENDER**
**G.L. C. 151B**
**PLAINTIFF V. ALL DEFENDANTS**

22. The Plaintiff repeats all previous allegations made herein.

23. At times relevant hereto, the Defendants Healey and Liacos have had authority and control over making professional training and overtime opportunities available to the Plaintiff and similarly situated employees.

24. The Defendant Verizon, by the acts of its agents, the Defendants Healey and Liacos, has bypassed the Plaintiff for training and overtime opportunities on the basis of her gender, in violation of G.L. c. 151B.

25. As a direct and foreseeable consequence of the Defendants' acts, the Plaintiff has suffered harm and damages, including but not limited to loss of income and employment benefits, loss of business and personal reputation, medical expenses, other financial losses, and emotional distress.

**COUNT IV**
**DISCRIMINATORY BYPASS ON THE BASIS OF GENDER**
**TITLE VII**
**PLAINTIFF V. VERIZON**

26. The Plaintiff incorporates by reference all previous allegations made herein.

27. The Defendant Verizon, by the acts of its agents, the Defendants Healey and Liacos, has bypassed the Plaintiff for training and overtime opportunities on the basis of her gender, in violation of 42 U.S.C. § 2000e.

28. As a direct and foreseeable consequence of the Defendant's acts, the Plaintiff has suffered harm and damages, including but not limited to loss of income and employment benefits, loss of business and personal reputation, medical expenses, other financial losses, and emotional distress.

**COUNT V**
**DISCRIMINATORY BYPASS ON THE BASIS OF AGE**
**G.L. C. 151B**
**PLAINTIFF V. ALL DEFENDANTS**

29. The Plaintiff incorporates by reference all previous allegations made herein.

30. The Defendant Verizon, by its agents, the Defendants Healey and Liacos, has bypassed the Plaintiff for training and overtime opportunities on the basis of her age, in violation of G.L. c. 151B.

31. As a direct and foreseeable consequence of the Defendants' acts, the Plaintiff has suffered harm and damages, including but not limited to loss of income and

employment benefits, loss of business and personal reputation, medical expenses, other financial losses, and emotional distress.

**COUNT VI**
**DISCRIMINATORY BYPASS ON THE BASIS OF AGE**
**ADEA, 29 U.S.C. § 621**
**PLAINTIFF V. VERIZON**

32. The Plaintiff incorporates by reference all previous allegations made herein.

33. The Defendant Verizon, by the acts of its agents, the Defendants Healey and Liacos, has bypassed the Plaintiff for training and overtime opportunities on the basis of her age, in violation of the ADEA, 29 U.S.C. § 621, *et seq*.

34. As a direct and foreseeable consequence of the Defendant's acts, the Plaintiff has suffered harm and damages, including but not limited to loss of income and employment benefits, loss of business and personal reputation, medical expenses, other financial losses, and emotional distress.

**COUNT VII**
**RETALIATION-G.L. C. 151B**
**PLAINTIFF V. ALL DEFENDANTS**

35. The Plaintiff incorporates by reference all previous allegations made herein.

36. During the course of her employment, the Plaintiff has engaged in activities protected by G.L. c. 151B, Title VII, 42 U.S.C. § 2000e, and 29 U.S.C. § 621, including, *inter alia*, making complaint of the illegal discriminatory conduct described above to Verizon officials; participating in investigations conducted by Verizon and the EEOC; filing a charge of discrimination with the EEOC and the MCAD; and participating in a mediation conducted by the EEOC.

37. In retaliation for this protected activity, the Defendants have retaliated against the Plaintiff by, *inter alia*, continuing to bypass her for training, overtime, and other benefits, and subjecting her to a hostile work environment, including but not limited to by failing to adequately address the illegal conduct described above, and condoning it.

38. By the acts of retaliation described above, the Defendants have violated G.L. c. 151B.

39. As a direct and foreseeable consequence of the Defendants' acts, the Plaintiff has suffered harm and damages, including but not limited to loss of income and employment benefits, loss of business and personal reputation, medical expenses, other financial losses, and emotional distress.

**COUNT VIII**
**RETALIATION-TITLE VII**
**PLAINTIFF V. VERIZON**

40. The Plaintiff incorporates by reference all previous allegations made herein.

41. By the acts of retaliation described above, the Defendant has violated Title VII, 42 U.S.C. § 2000e.

42. As a direct and foreseeable consequence of the Defendant's acts, the Plaintiff has suffered harm and damages, including but not limited to loss of income and employment benefits, loss of business and personal reputation, medical expenses, other financial losses, and emotional distress.

**COUNT IX**
**RETALIATION-29 U.S.C. § 621**
**PLAINTIFF V. VERIZON**

43. The Plaintiff incorporates by reference all previous allegations made herein.

44. By the acts of retaliation described above, the Defendant Verizon has violated 29 U.S.C. § 621.

45. As a direct and foreseeable consequence of the Defendant's acts, the Plaintiff has suffered harm and damages, including but not limited to loss of income and employment benefits, loss of business and personal reputation, medical expenses, other financial losses, and emotional distress.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff requests that the Court enter a judgment:

(a) Awarding her back pay, front pay, damages for emotional distress, compensatory, liquidated, and punitive damages, costs and attorney's fees, as provided by 42 U.S.C. § 2000e, 29 U.S.C. § 621 *et seq*., and G.L. c. 151B *et seq*.;

(b) Enjoining and permanently restraining the Defendant's violation of 42 U.S.C. § 2000e, 29 U.S.C. § 621 *et seq*, and G.L. c. 151B *et seq*;

(c) Directing the Defendants to take such affirmative steps as are necessary to ensure that the effects of these unlawful employment practices are eliminated;

(d) Granting such other and further relief as this Court deems necessary and proper.

**JURY DEMAND**

**THE PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL COUNTS SO TRIABLE.**

Respectfully submitted,

THE PLAINTIFF

By her attorney,

Daniel W. Rice
GLYNN, LANDRY,
HARRINGTON & RICE
10 Forbes Road
Braintree, MA 02184
BBO # 559269
(781) 849-8479

Dated: January 23, 2004